```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 7 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :     ~~PROTECTIVE ORDER~~

      - v. -                        :

SOLOMON GRAHAM, and                :     16 Cr. 426 (AJN)
TIAVERY BROWN,
                                 :

          Defendants.
                                 :
- - - - - - - - - - - - - - - - - X

        WHEREAS the Government intends to produce to SOLOMON GRAHAM and TIAVERY BROWN, the defendants, certain discovery materials pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16"), Title 18, United States Code, Section 3500, *Brady* v. *Maryland*, and/or *United States* v. *Giglio*, which contain and/or reflect sensitive material concerning ongoing law enforcement investigations and/or personal identification information (including but not limited to names, social security numbers, dates of birth, home addresses, telephone numbers, and bank account and other financial information); and

        WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the sensitive material concerning ongoing law enforcement investigations and/or personal identification information contained in the materials it produces; and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery material produced by the Government to the defendants in this action that contains and/or reflects sensitive material concerning ongoing law enforcement investigations and/or personal identification information (including but not limited to names, social security numbers, dates of birth, home addresses, telephone numbers, and bank account and any other financial information) -- whether in paper or electronic form -- is deemed "Confidential Material." The Government will notify defense counsel of which materials contain "Confidential Material."

2. Confidential Material disclosed to either the defendant, or to his counsel, during the course of proceedings in this action:

(a) shall be used by the defendant, his counsel, or Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(f) only for purposes of this action;

(b) shall be kept in the sole possession of the defendant's counsel or Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(f);

(c) shall not be reviewed or maintained by the defendant outside the presence of his counsel;

(d) shall not be copied or otherwise recorded by the defendant;

(e) shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(f) below;

(f) may be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by the defendant's counsel;

    (ii) independent expert witnesses, investigators, or advisors retained by the defendant or on his behalf in connection with this action; and

    (iii) such other persons as hereafter may be authorized by the Court upon a motion by the defendant; and

(g) shall be either (i) returned to the Government following the conclusion of this case, including any appeals, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with the defendant's counsel verifying in writing to the Government that such destruction has taken place.

3. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(f). Designated Persons shall be subject to the terms of this Order.

4. The defendant may keep in his possession documents

produced by the Government that are not designated as Confidential Material, including versions of documents designated as Confidential Material that the Government has redacted to remove any sensitive material concerning ongoing law enforcement investigations and personal identification information.

       5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

IT IS SO ORDERED.

Dated:     New York, New York
           Sept. 22 , 2016

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

> Nothing herein alters or limits the obligations of the parties to comply with the Court's Individual Practices in Criminal Cases.